# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

DOUGLAS ROBERTSON                                                       PETITIONER

v.                                                     CIVIL ACTION NO. 4:19CV-P94-JHM

CHRISTIAN COUNTY JAIL                                           RESPONDENT

## MEMORANDUM OPINION

Petitioner Douglas Robertson, *pro se*, filed the instant 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his conviction in the Ohio County Circuit Court (DN 1). The Court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review, the Court directed Robertson to show cause why his petition should not be dismissed for failure to exhaust all available state court remedies. Robertson did not file a response to the Show Cause Order. Upon review, for the reasons set forth below, the Court will deny the petition and dismiss the action for failure to exhaust state court remedies.

Robertson does not state in the petition what crime he was convicted of but states that he pleaded guilty and was sentenced on May 11, 2018, to 28 years' incarceration. In a prior petition[1] signed by Robertson's mother, she stated that Robertson was convicted of sexual abuse in the first degree, unlawful transaction with a minor, and bail jumping. In the instant petition, in response to questions concerning whether Robertson appealed his conviction, Robertson indicates that he appealed to the Kentucky Supreme Court and where the form asks for the result of the appeal, Robertson states, "Can't help." He also indicates that he filed an appeal in "The

---

[1] The petition filed by Robertson's mother was opened as a separate civil action, No. 4:19CV-59-JHM. That case was dismissed as improperly filed without prejudice to the instant action.

Main Suprem Court" and also states "Can't help" as the result of the appeal. He does not provide the case number of any appeal or the dates that he filed an appeal or received a result. Based upon these vague answers, the Court concludes that Robertson did not file an appeal from the judgment of conviction or file any other petitions, applications, or motions concerning the judgment of conviction in any state court.

It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam). Any alleged constitutional deprivations must be asserted through the state appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The petition suggests that Robertson did not file a direct appeal of his conviction or any other challenge to allow for state court review. Before dismissing the action, however, the Court provided Robertson with an opportunity to show cause why his petition should not be dismissed for failure to exhaust all available state court remedies. Robertson failed to respond to the Court's Show Cause Order or to otherwise meet his burden in establishing that he complied with the exhaustion requirement or that the state procedure would be futile.

For these reasons, the Court concludes that the petition for writ of habeas corpus must be dismissed for failure to exhaust available state court remedies.

## CERTIFICATE OF APPEALABILITY

In the event that Robertson appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: November 8, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Petitioner, *pro se*
Respondent
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601

4414.010